*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT J. DOERR,

        Petitioner-Appellant,

UNPUBLISHED
June 8, 2023

v

No. 358228
Tax Tribunal
LC No. 20-004152-TT

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

LETICA, J., (*dissenting*).

I respectfully dissent. I would remand to the Michigan Tax Tribunal (Tribunal) while retaining jurisdiction to address two points: (1) whether petitioner's photographs from the interior of the Lakeside address along with videos from both addresses were presented for its consideration below,[1] and (2) whether respondent conceded during the hearing that petitioner's evidence was sufficient to meet his burden of proof to claim the principal residency exemption (PRE).[2] The videos and photographs purportedly would have shown that the Old Colony address was vacant and the Lakeside address was occupied during the relevant timeframes. And, a concession that the proofs were sufficient to demonstrate entitlement to the PRE prevents a formulistic reliance on outdated documentation that does not reflect the reality of the circumstances.

---

[1] Of the exhibits petitioner's representative maintained that he had filed, these are the only items that do not appear on the Tribunal's exhibit list. The record below suggests that documents can be filed, but it is unclear whether the same is true of videos. The record also suggests that the 80-year-old petitioner struggled with respondent's electronic processes and wondered why the matter could not be resolved by having respondent's personnel visit his Lakeside abode.

[2] This allegation is one that petitioner made in his motion for reconsideration and although the Tribunal recorded the hearing, no recording has been provided on appeal.

I also share Judge Murray's concerns regarding how this matter was handled for all of the reasons he recounts. Indeed, the Tribunal reached its conclusion by opting to exclude petitioner's untimely filed evidence after petitioner exercised his right to be represented by an attorney. The Tribunal also relied upon voter registration records that did not reflect that petitioner had voted during the tax years at issue[3] and pointed to petitioner's failure to update his driver's license[4] and use his one-story Lakeside address on his vehicle registration[5] at a home less than 4/10ths of a mile from the two-story Old Colony home petitioner had lived in for thirty years. Yet, when petitioner's representative inquired about the possibility of reinstating the PRE for the Old Colony address, the Department purportedly responded that petitioner could not prove that he lived at that location either despite its reliance on these documents, leading one to wonder whether respondent's position was that petitioner actually lived at a third address he used—a P.O. Box.[6] The warning for other homeowners claiming a PRE while owning two homes is plain—the failure to update a voter registration, driver's license, or vehicle registration, even though no document is conclusive, may result in the homeowner's testimony and proofs being rejected, even if they are compelling, and the PRE being denied.

Although a voter registration, driver's license, or vehicle registration may reflect a residential address, it is not necessarily so. See MCL 257.315(1) (providing that a person may submit a mailing address different than the residential address for purposes of the driver's license). The fact that the Department may rely on specific evidence does not reflect the value of that evidence under the specific circumstances of a given case. Consequently, I would remand and retain jurisdiction without limiting the Tribunal's discretion to reconsider the totality of the evidence, particularly in light of the petitioner's claimed submissions and their attendant value.

/s/ Anica Letica

---

[3] Petitioner listed the Old Colony address when he registered to vote in 1988. He last voted in November 2016, when he still resided at the Old Colony address, before the tax years at issue in this case.

[4] At oral argument, petitioner's attorney represented that petitioner had updated his driver's license. I further note that Judith Doerr, petitioner's wife, who passed away while this appeal was pending, last applied for her driver's license in 2015 and it expired in 2019.

[5] The only vehicle registered in Judith Doerr's name was titled in 2011 and last registered in 2016 before the tax years at issue. Petitioner registered a 2001 vehicle to the Old Colony address and purchased a used vehicle in 2018, which he later registered to the Old Colony address in 2018 and 2019.

[6] The paradox being that petitioner purportedly did not present sufficient evidence to conclude that he was entitled to the PRE on the most recent purchase, the Lakeside home. Yet, he also did not prove entitlement to the PRE on the Old Colony home where he was previously granted a PRE.